[No. 13761. In Bank. — July 18, 1891.]

## HANNAH E. HICK, RESPONDENT, *v.* EZRA THOMAS, APPELLANT.

FRAUD — ACTION TO SET ASIDE CONVEYANCE — UNDUE INFLUENCE — SUFFICIENCY OF COMPLAINT. — The complaint in an action to set aside a conveyance of land and a bill of sale of personal property, which shows that the vendor was an old, sick, weak-minded, foolish woman, without advisers or friends, and that the property was obtained at a grossly inadequate price, under circumstances showing great oppression and undue influence well calculated to overcome the judgment and will of the vendor, accompanied by unreasonable representations and threats, states a cause of action.

ID. — EVIDENCE — CONVERSATIONS PRIOR TO CONVEYANCE — MERGER. — The action to set aside the conveyances being based upon fraud in procuring the deed and bill of sale, the rule that all verbal precedent negotiations were merged in the writings does not apply, and evidence of conversations proving a previous verbal contract is admissible.

ID. — PLEADING — AVERMENTS OF FRAUD — EVIDENCE OF STATEMENTS NOT AVERRED. — The rule that acts of fraud must be specifically set out in such a case does not require or justify a minute detail of all the conversations by which the fraudulent representations are proven, but it is suf-

ficient to aver the fraud in substance and legal effect as proven, and when so averred, corroborative statements may be shown.

Id. — OFFER TO RESTORE CONSIDERATION — PLEADING. — An offer to restore the consideration of a deed which is sought to be set aside, if averred in the language of the statute, is sufficient as against a general demurrer.

Id. — FINDINGS — FALSITY OF REPRESENTATIONS. — A finding of facts inconsistent with and contradictory of the representations made sufficiently shows that the representations were false, without a specific finding thereon.

Id. — FRAUDULENT REPRESENTATIONS — ACCOMPANYING DURESS — BELIEF OF REPRESENTATIONS — IMPLICATIONS FROM FINDING OF FRAUD. — Although the fact that the fraudulent representations were accompanied by threats and duress, rendered it unnecessary to find that the vendor believed them, yet a general finding that the deed and bill of sale sought to be set aside were procured by fraud implies the fact that the vendor believed and relied upon the representations.

Id. — INJURY TO VENDOR — INADEQUACY OF CONSIDERATION. — A finding that the price paid for the land was grossly inadequate sufficiently shows that the vendor was injured by the fraud.

Id. — GENERAL FINDING OF ULTIMATE FACTS — DURESS — MENACE — UNDUE INFLUENCE — FRAUD — SUPPORT OF JUDGMENT. — A general finding that the deed and bill of sale were procured by the vendee "by duress, menace, undue influence, and fraud," although not as specific as it ought to be, is a sufficient finding of ultimate facts to sustain the judgment, where it appears that the vendee is not prejudiced by the failure to find more specifically.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order denying a new trial.

The facts are stated in the opinion.

*John F. Ellison*, for Appellant.

Misrepresentation, to give rise to a cause of action, must be of a fact not within the knowledge of the party to whom it is made. (*Hawkins* v. *Hawkins*, 50 Cal. 560; *Ward* v. *Packard*, 18 Cal. 393; *Commissioners* v. *Younger*, 29 Cal. 176; *Alden* v. *Pryal*, 60 Cal. 220; *Gridley* v. *Boggs*, 62 Cal. 190.) The allegations in the complaint concerning what the defendant said about the tax title are wholly immaterial. A party is conclusively presumed to know the state of his own title. (*Robbins* v. *Hope*, 57 Cal. 493; *Kidder* v. *Stevens*, 60 Cal. 414; *Brodrib* v. *Brodrib*, 56 Cal. 565.) The complaint is fatally defective in

not alleging a tender of the money paid before suit brought. There must be an actual tender of the money paid. (*Miller* v. *Steen,* 30 Cal. 408; 89 Am. Dec. 124; *Purdy* v. *Bullard,* 41 Cal. 447; *Bohall* v. *Diller,* 41 Cal. 535; *Gifford* v. *Carvill,* 29 Cal. 593; *Herman* v. *Haffenegger,* 54 Cal. 163; *Collins* v. *Townsend,* 58 Cal. 615; *Morrison* v. *Lods,* 39 Cal. 385.) The complaint must allege in direct terms that a tender was made. (*Duff* v. *Fisher,* 15 Cal. 382; *Coghill* v. *Boring,* 15 Cal. 213; *Dane* v. *Cordaun,* 24 Cal. 158; 85 Am. Dec. 53; *Hidden* v. *Jordan,* 28 Cal. 307; *Young* v. *Miller,* 63 Cal. 302.) A mere offer to pay is insufficient. (*People* v. *Harris,* 9 Cal. 571; *Gaven* v. *Hagen,* 15 Cal. 208; *Englander* v. *Rogers,* 41 Cal. 421.) The law requires a disaffirmance of the contract at the earliest practicable moment after the discovery of the fraud. (*Cobb* v. *Hatfield,* 46 N. Y. 537; *Hart* v. *Kimball,* 72 Cal. 283; *Wilson* v. *Sturgis,* 71 Cal. 226; *Burkle* v. *Levy,* 70 Cal. 252.) The court erred in permitting the plaintiff to prove the verbal contract made with the defendant, as claimed by her, for the sale of the real estate, as all the prior verbal negotiations were merged in the deed. (*Cox* v. *McLaughlin,* 63 Cal. 205; *McCreary* v. *Marston,* 56 Cal. 404; *Bryan* v. *Swain,* 56 Cal. 617.) The allegation as to the tender, that the plaintiff " offered to restore," etc., is not an allegation of a tender of the amount. (*Bohall* v. *Diller,* 41 Cal. 535; *Gifford* v. *Carvill,* 29 Cal. 595; *Morrison* v. *Lods,* 39 Cal. 385; *Heine* v. *Treadwell,* 72 Cal. 220; *Englander* v. *Rogers,* 41 Cal. 422.) In order to justify a court in setting aside a deed on the ground of fraud, a false representation must have been made concerning some material fact, which was believed, relied and acted upon, by the party to whom made, who must have been without the means of ascertaining the truth. (*Hawkins* v. *Hawkins,* 50 Cal. 560; *Ward* v. *Packard,* 18 Cal. 393; *Commissioners* v. *Younger,* 29 Cal. 176; *Alden* v. *Pryal,* 60 Cal. 220; *Gridley* v. *Boggs,* 62 Cal. 190; Pomeroy's Eq. Jur., secs.

876–878, 882, 883, 890, 891, 894.) The particular acts or words constituting the fraud, and the particular misrepresentation relied upon, should have been alleged in the pleadings, and the plaintiff should not be permitted to prove acts of fraud or words of misrepresentation not alleged. (*Estep* v. *Armstrong*, 69 Cal. 536; *Green* v. *Hayes*, 70 Cal. 276; *Kent* v. *Snyder*, 30 Cal. 667; *Castle* v. *Bader*, 23 Cal. 76; *Oakland* v. *Carpentier*, 21 Cal. 661; *Semple* v. *Hagar*, 27 Cal. 163.)

*Clay W. Taylor*, and *J. Chadbourne*, for Respondent.

The contract is void, as the consideration for the property was grossly inadequate; the plaintiff was weak-minded, and at the time so agitated as not to know what she was doing; and she acted under duress and undue influence of the defendant. (1 Bigelow on Frauds, 482; Perry on Trusts, secs. 167, 170, 181; Cooley on Torts, 506, 508.) Whenever there is great weakness of mind, though not amounting to absolute disqualification, and grossly inadequate consideration, equity will set a conveyance aside at the suit of the injured party. (*Alore* v. *Jewell*, 94 U. S. 506; *Moore* v. *Moore*, 56 Cal. 89; *Richards* v. *Donner*, 72 Cal. 207–210; *Maggini* v. *Pezzoni*, 76 Cal. 631; *Wilson* v. *Moriarty*, 77 Cal. 596; *Wenzel* v. *Shulz*, 78 Cal. 221; *Bank of Woodland* v. *Hiatt*, 58 Cal. 237; *Alvarez* v. *Brannan*, 7 Cal. 504; 68 Am. Dec. 274; *Belden* v. *Henreques*, 8 Cal. 88; Civ. Code, secs. 1563, 1566–1568, 1572, 1575; *Raynor* v. *Mintzer*, 67 Cal. 159; *Argenti* v. *City of San Francisco*, 6 Cal. 679.) In this case the property was sold for less than half its value, and therefore the contract was void for inadequacy of consideration. (Willard's Eq. Jur. 205; Bigelow on Frauds, 269–287; Story's Eq. Jur., secs. 234, 234 a.) A party may act upon the express representations of another, though the means of information be fully open to him. (*Wenzel* v. *Shulz*, 78 Cal. 221; *Wilson* v. *Moriarty*, 77 Cal. 596; *Hawkins* v. *Hawkins*, 50 Cal. 558; *Richards*

v. *Donner,* 72 Cal. 207; *Moore* v. *Moore,* 56 Cal. 89.)
The allegation that the plaintiff offered to restore, etc.,
was a sufficient allegation of a tender. (*Herman* v.
*Haffenegger,* 54 Cal. 163.)

TEMPLE, C. — Defendant appeals from judgment and
order refusing a new trial.

The action is to set aside a conveyance of real es-
tate and a bill of sale for personal property, on the
ground of fraud and duress.

The complaint shows that plaintiff is a widow upwards
of sixty-eight years old, of feeble understanding and lim-
ited business experience, and at the time of the execution
of the instruments, was living alone, remote from friends
or relatives, in ill health, and in a state of great mental
depression and despondency; that at the urgent solici-
tation of the defendant, she verbally contracted to sell
to him her property, consisting of a tract of land and
the stock on it, for three thousand five hundred dollars.
After this verbal agreement was made, defendant, intend-
ing to cheat and defraud her, falsely represented, insisted,
and asseverated that the verbal contract was not that he
should pay $3,500 for all the property, but $1,000 for the
land only; that he could prove such assertion, and compel
her to perform the contract as he claimed it to be; that he
had an unredeemed certificate of sale for taxes, and unless
she sold to him, he would get a tax deed which would be
as good or better than a deed from her; that he represent-
ed that her creditors would attach her personal property,
and to save the same she must convey to him for $220;
that at that time, or before, he told her he would make her
sign the deed, and if she would not he would throw her
out and break her God-damned neck; that it would not
take long to get rid of her; " that relying upon and believ-
ing the said false and fraudulent representations of the
defendant, and by means thereof, and pursuant to and be-
cause of said threatened personal violence to plaintiff from

the defendant, and plaintiff's fear thereof, he then and there, without giving the plaintiff any time for reflection and consultation with others, induced, influenced," etc., her to make a deed to him of the land for $1,000, and and a bill of sale of the personal property for $220.

She alleges an offer to restore to defendant everything she had received from him, and a demand for a reconveyance. The offer was made October 31, 1888. She discovered the fraud January, 1888, and immediately commenced a suit against defendant for the cancellation of the conveyances, which suit, owing to some defects, had been dismissed. The deed and bill of sale were made December 21, 1887.

A general demurrer was interposed to the complaint, which was overruled.

If the action were based upon the fraudulent representations alone, the complaint would be insufficient; but it is not based upon such representations alone. Circumstances are stated which show great oppression and undue influence, well calculated to overcome the judgment and will of such a person as the plaintiff. An intelligent, strong man would not be likely to be influenced by such representations and threats, and the plaintiff must have known that his assertions as to the verbal contract were untrue; but they were accompanied by threats that he could prove his assertions, and would compel her to adopt his version of the contract, and if she did not, he would get the property from her upon a tax deed.

Representations which are very unreasonable, accompanied by threats, may well be held to have influenced a sick, weak-minded, foolish woman, who was without advisers or friends. The material question in such cases is, whether by such fraudulent practices she has in fact been wronged, although, as a general rule, where people are so reckless of their own interests, courts may not interfere to relieve them from their folly. The weakness

of the plaintiff constitutes a very important element in
her case.

It is averred that the property was worth three thousand
five hundred dollars. The price was therefore grossly
inadequate.

The defendant, at the trial, reserved many exceptions
to the admission of evidence. A large number of these
are to evidence of conversations proving the verbal
contract, on the ground that all verbal precedent nego-
tiations were merged in the deed. Of course, the action
being based upon a charge of fraud in procuring the deed
and bill of sale, no such rule obtains.

Another objection taken was, that the representations
were not specifically averred. We think there is nothing
in this objection. The acts of fraud must be specifically
set out. But this rule does not require or justify a mi-
nute detail of all the conversations by which fraudulent
representations are proven. It is enough if averred in
substance and legal effect as proven. And then it is
proper to prove corroborative statements.

The offer to restore is averred in the language of the
statute. If that requires a specific tender, the allegation
would imply one, and would be sufficient, at least in the
absence of a special demurrer, which is sometimes in
the nature of a motion to require a pleader to make his
averment more definite, as the practice is in some states
where code pleading prevails.

Is the finding sufficient which fails to find specifically, —
1. That the representations were false; 2. That plaintiff
believed and relied upon them; and 3. That she has
been injured?

These objections are taken by appellant, and to them
may be added, that it is not specifically found that she
believed that defendant would execute his threats, and
signed and delivered the papers under the influence of
such fear.

All the above facts, however, although not specifically

found, do appear from the findings. 1. That the representations were false is shown, by facts found which are inconsistent with and contradictory of the representations made. 2. It was not necessary to find that she believed them because they were accompanied by threats and duress, but the general finding that the deed and bill of sale were procured by fraud implies this fact. 3. That she was injured appears from the fact which is found, that the price paid was grossly inadequate. We must not be understood as holding that, under the circumstances of this case, it was necessary to show damage.

There is a general finding that the deed and bill of sale were procured by defendant "by duress, menace, undue influence, and fraud." This is not as specific as it ought to have been, but it is a finding of the ultimate facts upon which the judgment depends, and the defendant has not been injured by the failure to find more specifically.

We think the judgment and order should be affirmed.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order denying a new trial is affirmed, and the cause is remanded, with directions to the superior court to modify its judgment, so as to require the plaintiff to repay to the defendant the amount of money received by her, with legal interest to the date of tender, and the judgment as so modified is affirmed, the appellant to pay costs of appeal.

Rehearing denied.