[Civ. No. 2589.   First Appellate District, Division One.—December 12, 1918.]

## MAUDE L. HOLIDAY et al., Respondents, v. JAMES TOLOSANO et al., Appellants.

FRAUD — PROMISE WITHOUT INTENTION OF PERFORMANCE.—A promise made without any intention of performing it, in order to induce another to enter into a contract, constitutes actionable fraud.

ID.—CONTRACT FOR EXCHANGE OF PROPERTY—INTENTION NOT TO PERFORM—SUFFICIENCY OF EVIDENCE.—In this action to cancel and rescind a contract for the exchange of real property it is held that there was sufficient evidence from which it may be justly inferred that at the time of entering into the contract the defendant had no intention of performing his obligations thereunder.

ID.—EVIDENCE—INTENTION.—An intention not to perform a promise is a matter of inference from the facts proven.

APPEAL from a judgment of the Superior Court of Fresno County.   H. Z. Austin, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Everts & Ewing and W. E. Simpson for Appellants.

Vincent Surr and Harry M. McKee for Respondents.

BEASLY, J., *pro tem.*—This is an appeal by defendants from a judgment against them in an action for the cancellation and rescission of a contract for the exchange of real property.

The single and simple question involved in the appeal is as to whether or not the findings in favor of plaintiffs are sustained by the evidence.   We think this question must be answered in the affirmative.

The plaintiffs transferred certain real property to the defendants in exchange for an option to purchase certain other real property upon given terms, and in their complaint they allege, and the court found, that the execution of the deed by them was procured by the fraud of the defendants in that the defendant James Tolosano, in consideration for the conveyance of plaintiff's property made certain promises which he

neither performed nor intended at the time of his undertaking to perform.

Briefly the facts are that in the month of December, 1913, plaintiff Maude L. Holiday was the owner of nine lots in a suburb of Fresno. With the little home which she had built upon one of the lots, the property was worth about two thousand five hundred dollars, and she and her husband, a car conductor, were living thereon. At the date mentioned she advertised the property for sale or exchange. The defendant James Tolosano, a real estate manipulator, answered the advertisement shortly after January 1, 1914. About a year prior to that date Tolosano, by an instrument in writing, had acquired of one Ripperdan an option to buy a ranch of twenty acres in Madera County, about forty miles from Fresno. The value of this ranch was four thousand dollars, and Ripperdan was willing, in consideration of six per cent per annum upon that sum, paid to him annually, to hold his sale price at that figure. In effect his charge was $240 per annum for binding himself to sell at four thousand dollars, and the option was good for ten years, providing the annual option money was punctually paid. All that had been paid under this agreement was $240 to cover the year ending on February 8, 1914. When the parties to this action met in the first week of January, 1914, there remained a period of approximately five weeks yet to run of the first year's option, which portion of the option at the annual rate of payment therefor would be worth less than $25. According to the testimony of Mrs. Holiday, and of another witness, Mrs. Lukens, Tolosano stated to the plaintiffs, when negotiating the proposed exchange, that he had contracted to pay Ripperdan four thousand dollars for the ranch; that he had put upon the place a one thousand dollar pumping plant, had erected thereon a barn at an expense of $250, and had also expended three hundred dollars in leveling part of the land and seeding it to alfalfa. To induce the plaintiffs to make the exchange it also appears from the evidence introduced by them that Tolosano promised to deliver to them a span of horses, harness, a wagon, mower, and other personal property, and also to pay the $240 falling due on the option to purchase the ranch on February 8, 1914. None of this personal property was delivered; nor was the $240 paid, though urgently and repeatedly demanded. The result was that this amount, required to keep alive the option, not having

been paid when due nor within an extension of time therefor, the option was canceled. It also turned out that the improvements which, according to his representations, Tolosano had made upon the ranch, were not made by him, but were in existence at the time he procured the option from Ripperdan, and therefore represented nothing of value added to the place. Notwithstanding that Tolosano represented that he was unable to pay the $240 to Ripperdan when it became due, when called as a witness by plaintiff at the trial he testified that at that time he was worth twenty thousand dollars to twenty-five thousand dollars.

It is no doubt settled law that the mere failure to perform a contract which was made in good faith is not fraud (*Feeney* v. *Howard,* 79 Cal. 525, [12 Am. St. Rep. 162, 4 L. R. A. 826, 21 Pac. 984]). "In the absence of confidential relations between the parties the mere making of a promise which the promisor afterwards fails or refuses to perform, is not actionable fraud unless the promise was made without the intention of performing it. Civil Code, section 1572, provides that a promise made without any intention of performing it, in order to induce another to enter into a contract, constitutes actionable fraud. (*Rheingans* v. *Smith,* 161 Cal. 362, [Ann. Cas. 1913B, 1140, 119 Pac. 494].) It is also true that there is no direct evidence in the record before us that at the time of making the contract here involved there was any preconceived, secret intention on the part of Tolosano not to perform it; but in this connection the record, in our opinion, discloses sufficient evidence from which it may be justly inferred that at the time of entering into the contract Tolosano had in fact no intention of performing his obligations thereunder. "What a person's intent in such a matter may be is often a difficult thing to determine. It usually must be ascertained from his future conduct and speech, and the fact as to such intent is one peculiarly to be deduced by process of reasoning from the facts in evidence by the trial judge." (*Tench* v. *McMeekan,* 17 Cal. App. 14, [118 Pac. 478].)

"In cases of fraud subsequent acts are frequently resorted to for the purpose of showing antecedent fraud. Fraud being proven in reference to the transactions under question, the criminal intent is necessarily a matter of inference for the jury. The dealing with property to-day by the vendor as his property is evidence to show the fraud committed in a sale

a month ago. The subsequent acts are illustrative of the intent and character of the first.'' (*Butler* v. *Collins,* 12 Cal. 458; see, also, *Dowd* v. *Tucker,* 41 Conn. 204; *Maxson* v. *Llewelyn,* 122 Cal. 195, 198, [54 Pac. 732].)

The judgment is affirmed.

Lennon, P. J., and Sturtevant, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 10, 1919.

All the Justices concurred.