[S. F. No. 9911. In Bank.—April 17, 1922.]

FAYE M. HALL, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO, Appellant.

GRACE E. COOK, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO, Appellant.

[1] NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — PLEADING. — The defense of contributory negligence is an affirmative defense which the defendant must plead and prove in order to obtain the benefit thereof.

[2] ID.—COLLISION BETWEEN AUTOMOBILE AND STREET-CAR—INSTRUCTIONS.—In an action for damages for personal injuries sustained by plaintiff in a collision between an automobile, in which plaintiff was riding, and a street-car belonging to defendant, it was proper to refuse an instruction which dealt almost entirely with the question of the negligence of the driver of the automobile, and had a direct tendency to lead the jury to believe that if the driver was guilty of contributory negligence the plaintiff could not recover, where the defense of contributory negligence was not interposed.

---

Availability of contributory negligence as defense when not pleaded, notes, 15 Ann. Cas. 433; Ann. Cas. 1913B, 845.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

George Lull, City Attorney, and Charles S. Perry and R. T. Ainsworth, Assistant City Attorneys, for Appellant.

Sapiro & Levy and Boyd Oliver for Respondent.

SHAW, C. J.—These two cases were consolidated and tried together in the superior court. They were transferred to the district court of appeal and an opinion was rendered by that court affirming the judgment. The facts and the question in issue were correctly stated in that opinion as follows:

"The plaintiffs were injured in a collision between the automobile in which they were riding and a street-car which was being operated by an agent of the defendant and they sued the defendant to recover damages. The judgment went for the plaintiffs and the defendant has appealed. In its briefs the defendant earnestly contends that the trial court committed a reversible error in refusing to give an instruction tendered by the defendant. It appears, without contradiction, that the accident occurred about 8:30 P. M. on the evening of the thirty-first day of May, 1920. The plaintiffs were riding in an automobile which was in the act of passing from south to north over Octavia Street, in San Francisco. The automobile was being driven by a young man who was one of the escorts of the plaintiffs. At the same time one of the defendant's street-cars was in the act of passing from east to west over Geary Street. In the intersecting space covered by both Octavia and Geary Streets the collision occurred. As addressed to these facts the defendant tendered, and asked the trial court to give, an instruction worded as follows:

" 'You are instructed that as a street-car cannot go upon the street except upon its rails, it has the better right to that space to which others must yield when necessary. It was the duty of the driver of the automobile mentioned in the complaint upon approaching the crossing of Geary Street

to give way to the car of the defendant, which was about to pass at the same time, if necessary in order to avoid a collision. In other words, the defendant's street-car has the prior right of way at the intersection of Geary and Octavia Streets, and if the said defendant's car was about to cross Octavia Street and was seen by the driver of said automobile to be about to cross Octavia Street, it was the duty of the driver of said automobile to yield the right of way to the car of the said defendant, and if a collision occurred between the said street-car and said automobile by reason of the driver of the said automobile attempting to negligently and carelessly cross in front of said street-car, and the said defendant, its agents and servants are not guilty of any negligence in the operation of said street-car, then your verdict must be for the defendant.' ''

At the trial the defense of contributory negligence was waived; and the sole point submitted to the jury, aside from the amount of damages, was the question whether or not the injuries were caused by the negligence of the defendant's servants operating the street-car.

[1] The defense of contributory negligence is an affirmative defense which the defendant must plead and prove in order to obtain the benefit thereof. There was evidence to the effect that the street-car had the usual lighted headlight and was plainly visible for a distance of two hundred feet before it reached the crossing. The jury might well have believed that the driver of the automobile did not look in that direction, or that, seeing the car, he did not heed the danger of attempting to cross in front of it. [2] The instruction deals almost entirely with the question of the negligence of the driver of the automobile. It had a direct tendency to lead the jury to believe that if the driver was guilty of contributory negligence the plaintiffs could not recover. To so instruct the jury would have been erroneous, in view of the fact that the defense of contributory negligence was not interposed. Without passing on the correctness of this instruction, we think that for this reason it was properly refused by the court. The other instructions of the court fully covered the subject of negligence on the part of the persons operating the street-car.

The instruction is an illustration of the dangers of attempting to frame a charge to the jury upon isolated ex-

tracts from opinions of this court. It is claimed that it was taken from the opinion in *Arnold* v. *San Francisco etc. Co.*, 175 Cal. 1 [164 Pac. 798]. In that case the court was discussing the question of contributory negligence on the part of the injured person as related to the alleged negligence of the driver of the street-car. Contributory negligence was there presented as a defense and the passages from which the instruction was taken treated of both subjects upon the correct theory that although the motorman of the train was negligent the plaintiff could not recover if the negligence of the injured party contributed to his injury. The language could not be applied to a case in which contributory negligence was not pleaded without having a tendency to mislead the jury into believing that it was in issue.

No other ruling is presented in support of the appeal and we think no error appears in the ruling complained of.

The judgments are affirmed.

Lawlor, J., Wilbur, J., Lennon, J., and Richards, J., *pro tem.*, concurred.

Rehearing denied.

All the Justices concurred.

Waste, J., was absent, and Richards, J., *pro tem.*, was acting.