[Civ. No. 7053. Second Appellate District, Division Two.—December 28, 1931.]

UNITED STATES NATIONAL BANK OF LOS ANGELES, Respondent, v. WILLIAM STILLER, Appellant.

E. A. Miller and Wolfson & Swarthe for Appellant.

Patterson, Bailey & Montgomery for Respondent.

FRICKE, J., *pro tem.*—Plaintiff brought action for fraud and deceit, alleging that defendant with intent to deceive made certain representations to the plaintiff which induced the latter to loan to Pacific Cotton and Finance Corporation the sum of $15,000 on its promissory note. The representations were that defendant was the owner of a one-third interest in the Pacific Cotton and Finance Corporation, that said corporation had a surplus of assets over liabilities in the sum of $7,118.28 and that the corporation had a paid-in capital stock of $60,300. These representations were made to the plaintiff through the medium of a balance sheet of the assets and liabilities of the corporation, signed by defendant as its president and a personal financial statement of the defendant, both of which were delivered to the plaintiff bank by defendant. Defendant's answer does not deny the allegations in the complaint that defendant was not the owner of one-third of the capital stock of the corporation and that the corporation did not have $60,300 paid in on capital stock. ■ The falsity of the latter representations, as well as the falsity of the representation as to surplus, is supported by evidence more than sufficient to support the findings. It appears that in fact the capital stock paid in amounted to only $40,000; that instead of a surplus there was a deficit of $4,018.84, and that defendant had only 100 shares, to wit: $1,000 of the capital stock. Appellant seeks to argue that the representations were really not false because the corporation was later permitted to increase its capital stock to $60,300 and because he had loaned the corporation $15,000 which he considered as giving him a one-third interest in the corporation. ■ However, the truth or falsity of the representations must and can only be determined as of the time when they were relied and acted upon by the respondent bank, and a misrepresentation of fact cannot be justified by an alleged belief wholly unwarranted by the facts.

■ Appellant contends that the court erred in overruling his objection to the introduction of any evidence on the ground that the complaint was insufficient. No authorities are cited nor is the assignment sustained by argument. We find no substantial defect in the complaint.

The objection that the personal financial statement of appellant was inadmissible was properly overruled. It was a part of the transaction with respondent, requested by respondent to substantiate the statement of the corporation and was relied upon in the making of the loan. Furthermore, having been shown to be false, it was competent evidence tending to show an intent to defraud. For similar reasons the trial balance of the bank was admissible.

Appellant's attack upon the court's findings of fact are without merit. They are disposed of by the rule that where there is evidence in the record sustaining them, the findings of the trial court are final even though there be evidence to the contrary or other inferences and findings might have been possible.

Appellant argues that he was not guilty of fraud because there was no misrepresentation of any material fact and because he had no fraudulent intent. The record fully justifies the conclusion that the representations were made to secure the loan, that appellant knew them to be false and misleading, and that the bank relied upon the truthfulness of the statements and was induced thereby to part with its money. The circumstances fully warrant the conclusion that appellant, actuated by an intent to defraud, made false statements as to facts concerning a most material matter, the financial condition of the prospective borrower.

Appellant devotes a substantial portion of his brief to argument which is inapplicable to an action for fraud and deceit and cannot be considered here. The matters subsequent to the making of the loan have little or no bearing upon the action here. When the loan was made and the money turned over to the corporation the cause of action was complete, the bank had been defrauded of its $15,000. The fact, if it be a fact, that the bank could have at some time thereafter collected the note from the maker would not deprive it of its right of action against appellant for fraud.

The judgment is affirmed.

Works, P. J., and Thompson (Ira. F.), J., concurred.