[Civ. No. 617. Fourth Appellate District.—January 18, 1932.]

N. J. PETERSON, Respondent, v. LOWELL WOOD et al., Appellants.

Forgy, Reinhaus & Forgy and Edward W. Forgy for Appellants.

John Martell for Respondent.

BARNARD, P. J.—This is an action for the rescission and cancellation of an agreement to purchase an interest in a business and to recover the purchase price paid. The de-

fendants, as partners, were conducting a business for preserving and canning fruits under a "secret process" at a certain address in Santa Ana. Upon the solicitation of one of the defendants, the plaintiff agreed to, and did, put $3,000 cash into the business in return for a one-fourth interest therein. He was taken to this defendant's attorney, who drew an agreement dated August 3, 1928, which recited that in consideration of $3,000 there was assigned to the plaintiff "an undivided one-fourth interest in said business, fixtures and equipment". This agreement further provided that in the event said business should later be incorporated, the plaintiff should have one-fourth of the stock issued. Early in December, 1928, the plaintiff discovered that certain representations made to him by the defendants were false and untrue, whereupon he served notice of rescission and tendered back what he had received. In the action which followed, the court found, among other things, that some ten false representations as to material facts had been knowingly and wilfully made with the intent that they should be relied upon; that they had been relied upon and acted upon by the plaintiff, to his injury; and that the plaintiff was induced by these false representations to enter into the agreement in question. Judgment was entered in favor of the plaintiff for the return of the $3,000 paid by him, from which judgment this appeal is taken.

The only point raised is that the evidence is not sufficient to support the findings and judgment. While appellants admit that there is some evidence to sustain the finding that the ten representations were actually made and that "at least" some of the ten were false, it is contended that as a matter of law, these representations do not justify a rescission. Most of the false representations found by the court to have been made, fall under two heads. ■ The first consists of representations that the business and partnership assets included not only the stock of goods, equipment and fixtures, but also the building and real property in and on which the business was being conducted, together with an adjoining lot, and that this property had been conveyed to the partnership by the appellant Ketscher as his contribution to the capital of the business. While there is evidence that such representations were made to

the respondent, including the representation that the adjoining lot was owned by the partnership and would be used later to expand the business, and while the uncontradicted evidence shows that the building and real property was owned by Ketscher personally and that he even charged the partnership rent for the same, appellants contend that such misrepresentations are not available to the respondent as grounds for rescission because irrespective of any such misrepresentation, the respondent is bound by the written agreement and that this agreement provides only for a sale of the "business, fixtures and equipment", which does not include the real property. If it be conceded that the words of the contract just quoted, under the circumstances here existing, would not include the real property referred to, that fact would not be controlling in an action for rescission based upon the fact that a party to the contract had been induced to enter into the same through false and fraudulent representations. It is no defense to an action for the rescission of a written contract that the misrepresentations complained of were oral and that they are not included in the contract itself (*Mooney* v. *Cyriacks,* 185 Cal. 70 [195 Pac. 922]). In speaking of a similar contention, the court in *Bechtold* v. *Coney,* 42 Cal. App. 563 [183 Pac. 841, 842], used language which might well have been written of the case before us, as follows:

"If this contention were true, it would never be possible to avoid a written contract for fraudulent misrepresentations unless such misrepresentations were also in writing and made a part of the contract. This clearly is not the law. The Civil Code provides (sec. 1566) that a contract may be rescinded where the consent is not free, and in the following section it is provided that consent is not free when such consent is induced by fraud. Actual fraud is defined in section 1572 of the Civil Code. The plaintiffs, in attempting to show actual fraud, as defined by said last-mentioned section, were entitled to show all the matters of inducement for entering into the contract. Actual fraud is always a question of fact (Civ. Code, sec. 1574), and the trial court has made very complete findings covering numerous fraudulent misrepresentations by the defendant, any one of which is sufficient to warrant the relief granted to the plaintiffs."

In such an action it is proper to admit evidence of oral

statements which constituted inducements to the making of the agreement (*Bechtold* v. *Coney, supra*), and even evidence of a previous verbal contract may be received (*Hick* v. *Thomas*, 90 Cal. 289 [27 Pac. 208, 376]). Not only were these misrepresentations sufficient to justify a rescission but it would be somewhat difficult to imagine stronger grounds therefor.

The second class of representations referred to consists of statements to the effect that all of the equipment and fixtures of this business were fully paid for; that there were no debts, liabilities or obligations outstanding against the business, equipment or fixtures; that the stock of goods was fully paid for; and that the appellants desired to raise the sum of $3,000 for the purpose of incorporating, to expand the business, for the purchase of labels and to advertise the business. The respondent and another witness testified that these representations were made, the respondent testifying that he was told there were no debts or bills except a few small bills like "telephone bill, and light and gas". There was not only evidence that there were a large number of debts, including some for stock, rent, labor and a large one for a balance due on the purchase price of some of the machinery, but the appellants stipulated that at the time the agreement was made they owed unpaid bills in connection with the business in the sum of $1719.89. It appears from the evidence of the appellants themselves that these unpaid bills were paid out of the respondent's $3,000; that a further sum of $1079 was paid to appellant Wood for a reason that does not appear, other than a statement that he had worked for over a year and that "if he was entitled to some of it he ought to have some of it"; that a further sum of $189 was paid to the brother of appellant Wood for services claimed to have been rendered the partnership prior to the date respondent entered the business; that the appellant Ketscher received a "little check" for something he had put into the business "that Wood wanted to give me back"; that the entire $3,000 received from respondent was gone; and that no part of it went into the partnership business, except as it was used to pay old debts.

As a reason why this series of misrepresentations are not sufficient in law to justify a rescission, appellants advance

two contentions which are unique, if not ingenious. The first is that the respondent cannot complain of these misrepresentations because he admits that he was told that there were "some outstanding bills". The argument seems to be that because the evidence shows that there were "some" outstanding bills, almost without measure, the representation was literally not a false one. The second argument is that while they represented that the business was free from debt, after the debts were paid off with respondent's money the business *was* free from debt, and therefore the respondent got exactly what he bargained for. We regard the mere statement of these arguments as their own refutation and refrain from further comment.

Without considering the other misrepresentations alleged and found, those herein referred to were entirely sufficient to sustain the findings and judgment of the court. A material injury justifying a rescission was amply proved by the respondent. In our opinion this comes perilously near to being a frivolous appeal.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.