[Civ. No. 6775. Third Dist. May 11, 1943.]

F. L. KLUTTS, Respondent, v. A. J. RUPLEY, Appellant.

Lyon & Roberts and Henry S. Lyon for Appellant.

Thomas Maul, Richard Barry and C. W. Pearson for Respondent.

ADAMS, P. J.—Appeal from a judgment in favor of plaintiff in an action for fraud and deceit. The complaint alleged that in 1937 defendant represented to plaintiff that he had a contract with the Earl Fruit Company entitling him to cut all the timber from certain described lands belonging to said Earl Fruit Company; that relying upon the aforesaid representations plaintiff agreed to join with defendant and one G. E. Tuman in cutting said timber, converting same into lumber and selling the same, under the name Baltic Creek Lumber Company; that plaintiff and Tuman agreed to clear a portion of said land, prepare a millsite and lumber yard thereon and furnish the labor, lumber and machinery for the construction of a sawmill, while defendant agreed to advance $5,000 to defray a portion of the expenses; that in reliance upon defendant's statements plaintiff and Tuman, at great cost and expense to plaintiff, and with the knowledge and approval of defendant, entered upon said land at a place designated by defendant, hired labor and cleared away a site

for a mill at an expenditure of $2,686.40; that plaintiff also dismantled a mill owned by him in Siskiyou County and moved said mill with its tools and appurtenances to the new millsite at an expense of $450; that after the construction of the mill had begun, he called upon defendant for the $5,000 he had agreed to pay, but that defendant refused to comply with his agreement.

It was further alleged that defendant did not have any interest whatsoever in the said lands nor any contract with the Earl Fruit Company, to cut timber thereon, that defendant's representations to plaintiff that he had such rights were false and were made by defendant with the intention that plaintiff should rely thereon and that plaintiff did rely thereon; and that plaintiff did not learn that said representations of defendant were false until after plaintiff had prepared the millsite, transported his equipment to said site and commenced the construction of the mill; that thereupon he and Tuman had discontinued their construction and plaintiff had moved his mill to Plumas County, but too late to start lumber operations there that winter; that he incurred an expense of $650 in moving his mill, and suffered damages in the sum of $3,000 by reason of his moving his equipment to El Dorado County and his inability to carry on lumber operations during the year 1938.

Defendant in his answer admitted that he had stated to plaintiff that he had a right, under an agreement with the Earl Fruit Company, to cut all of the timber from the Baltic Creek area; but he alleged that he had stated to plaintiff that there was a fair site for a sawmill on Baltic Creek and that if plaintiff wanted to build a mill there he could do so and defendant would supply the mill with logs when it was ready for operation; that he agreed to sell to plaintiff and plaintiff agreed to purchase all of said timber at a given rate. He admitted that plaintiff entered upon the premises with the knowledge and approval of defendant, and with the aid of labor had cleared away timber in preparation of a site for the construction of a mill, and that plaintiff, at his own expense, had moved certain machinery and equipment upon said millsite. He denied that plaintiff had expended any sum in excess of $150 in the transportation of said equipment from Siskiyou County, and denied generally and specifically the other allegations of plaintiff's complaint.

The cause was tried before the court without a jury, and findings of fact were filed wherein the allegations of plaintiff's complaint were found to be true, except that the amount which would compensate plaintiff for the detriment proximately caused him by the wrong done him by defendant was found to be $1,625.86. The allegations of defendant's answer hereinabove set forth the court found to be untrue. Judgment for plaintiff in the sum of $1,625.86 followed, and defendant has appealed.

Appellant's first contention is that the judgment is defective in that there is neither an allegation in the complaint nor any evidence nor any finding of fact that the defendant fraudulently intended to refuse to pay $5,000 to the plaintiff at the time he is alleged to have agreed to do so. Appellant's argument on this point is that the failure to perform a promise gives rise to no cause of action for fraud unless it is alleged and proven that the promisor did not, at the time it was made, intend to perform it. Apparently he contends that there is an insufficient showing that he did not intend to put up the $5,000, and that, therefore, plaintiff has not proved a case of fraud on the part of defendant. We do not agree with this contention.

The trial court found that appellant made the representations as alleged in plaintiff's complaint, including the promise to put up $5,000; it also found as to appellant's representations and statements that at the time he made them he knew them to be false; and while the court did not, in so many words, find that appellant did not, at the time he made the statement, intend to put up any money, there is evidence to support such an inference. One's intent in such matters is usually not susceptible of direct proof, but it may be ascertained from his subsequent conduct and speech; and the fact as to such intent is one peculiarly to be deduced from the facts in evidence, by the trial judge. (*Tench* v. *McMeekan*, 17 Cal. App. 14, 20 [118 P. 476]; *Holiday* v. *Tolosano*, 39 Cal.App. 151, 153 [178 P. 170].) G. E. Tuman testified that in April or May, 1938, he had a conversation with Rupley in which the latter suggested that they let Klutts "slip out of the picture," then he and Tuman would secure use of the mill and the buildings Klutts had put up, and go on and put their own outfit there, and that he was not going to help Klutts finish the mill; that he did not tell this to Klutts, but

did tell him he would not get any financial help from Rupley. Edward E. Tuman also testified to this conversation between G. E. Tuman and Rupley in March or April, 1938, and stated the latter said that his idea was to sit tight, not put up any money, that then Klutts could not complete the mill but would abandon it, and they could then operate without him.

Furthermore, defendant's agreement that he would put up the $5,000 was but one of the representations made by defendant, upon which plaintiff relied, and a plaintiff is not required to prove that all the specifications of fraudulent representations are true; a single misrepresentation of a material fact, knowingly made with intent to influence another, if believed and relied on by that other, is sufficient to afford relief. (*Neff* v. *Engler,* 205 Cal. 484, 490 [271 P. 744]; *Harris* v. *Miller,* 196 Cal. 8, 16-17 [235 P. 981].)

Appellant's second argument is that there is no substantial evidence that when he informed respondent that he had an agreement with the Earl Fruit Company by which he had acquired the right to cut timber from its lands, he made said representations with knowledge that they were false. The court has found that he did, and the evidence supports such finding. A misrepresentation of facts cannot be justified by an alleged belief wholly unwarranted by the facts. (*United States Nat. Bank* v. *Stiller,* 119 Cal.App. 442, 444 [6 P.2d 529].)

It was admitted by respondent that he told Klutts that he had a contract with the Earl Fruit Company, but he testified that he did have an oral contract with Mr. Barton, vice president, and Mr. Kerns, secretary, of that company. The depositions of Mr. Barton and Mr. Kerns were taken, and these witnesses testified that they had never had a contract or verbal understanding with Rupley regarding the Baltic Creek area of the company's lands, nor granted him any right to cut timber there, nor any timber other than that included within two written contracts, neither of which concerned the Baltic Creek area here involved; that Rupley had written them in September, 1937, that he had a party interested in putting up a mill on Baltic Creek, and had asked for a lease of 10 acres, but that they did not enter into such a lease.

Finally, appellant urges that there is no evidence to support the finding that respondent was damaged by the alleged misrepresentations of appellant. There is no merit in this

contention. The evidence shows expenditures of money, time and labor made by plaintiff in reliance upon appellant's representations, the expenditures of money shown by his testimony exceeding the amount allowed by the trial court. The decision in *Overstreet* v. *Merritt*, 186 Cal. 494 [200 P. 11], is pertinent. There plaintiff and defendant entered into an agreement for the formation of a business association, induced by representations of defendant, who thereafter failed and refused to carry out the terms of the agreement. The court said that when defendant, by his breach, deprived plaintiff of all opportunity to make good on the new venture, he became liable in damages for any loss suffered by plaintiff as the natural result of such default; and it was held that plaintiff was entitled to recover such loss as he had sustained in preparing to carry out his part of the contract. Also see *Caspary* v. *Moore*, 21 Cal.App.2d 694, 699 [70 P.2d 224].

The testimony of plaintiff and that of G. E. Tuman established that appellant represented to both of them that he had a written contract with Earl Fruit Company to cut all their timber; that he, Tuman and Rupley went together to look over the timber in the Baltic Creek area belonging to said company; that they picked out a millsite with Rupley's approval; that plaintiff told Rupley and Tuman that he would have money enough to do a certain part of the work of constructing the mill, but after that would have to have financial assistance, whereupon Rupley offered to put up $5,000 to complete the mill; that plaintiff moved his machinery to the millsite, partly constructed the mill, put up other necessary buildings, and expended several thousand dollars as well as his time and labor; that when he asked respondent to put up money, defendant then and at all times thereafter refused; that the agreement between the three of them was that they were to have a "three-way partnership" in the business which was to be known as the "Baltic Lumber Company"; that plaintiff was to contribute his machinery, labor, supplies and some money, and Rupley was to put up the $5000 for himself and Tuman.

Under section 1572 of the Civil Code, the suggestion, as a fact, of that which is not true, by one who does not believe it to be true; the positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; a promise

made without any intention of performing it; and any other act fitted to deceive, when committed by a party to a contract with intent to deceive another party thereto, or to induce him to enter into the contract, constitutes actual fraud. The evidence in this case is sufficient to establish fraud on the part of defendant within the provisions of the foregoing statute.

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.