[S. F. No. 1061.   In Bank.—March 22, 1898.]

T. N. BENTON, Petitioner, v. JOSEPH H. BUDD, Superior Judge, etc., Respondent.

Prohibition—Action for Maintenance—Allowance Pending Appeal— Disqualification of Judge—Insufficient Appearance of Relative as Attorney—Signature to Affidavit.—In an action by a wife for maintenance, where the husband had been represented by other attorneys during the trial, and by a different attorney in taking an appeal from a decree in favor of the plaintiff, the execution of an order allowing alimony and counsel fees to the plaintiff pending the appeal, will not be restrained by prohibition on account of disqualification of the judge making the order, merely because an affidavit presented by the defendant at the hearing of the motion for the order to which no signature of attorneys was required, was signed additionally both by the attorney who signed the notice of appeal, and also by a firm of attorneys, one of whom was a relative of the judge, there being no other appearance of either member of such firm at the hearing of the motion, or participation by either of them at any stage of the action or proceeding; and such mere signing of the names of such attorneys as copartners to such affidavit did not constitute an actual *bona fide* appearance of them as attorneys in the case; and the court was warranted in holding that they were not attorneys for the defendant.

PETITION in the Supreme Court for Writ of Prohibition to the Judge of the Superior Court of San Joaquin County. Joseph H. Budd, Judge.

. The facts are stated in the opinion of the court.

. J. G. Swinnerton, for Petitioner.

· Nicol & Orr, for Respondent.

THE COURT.—This is an original petition here for a writ of prohibition to restrain the respondent from taking any further proceedings on an order made in a certain action in his court of Elizabeth Benton, plaintiff, against T. N. Benton (the petitioner herein), defendant.

. In October, 1896, Elizabeth Benton commenced an action against the petitioner herein, T. N. Benton, to procure a judgment and decree for maintenance and support—the said parties being husband and wife. In December, 1896, the action came on regularly for trial, and after a hearing the court, on the sixth day of January, 1897, rendered a judgment in favor of plaintiff herein, in which it was decreed that the defendant pay to plaintiff a certain sum of money for her permanent support and maintenance, and also a certain further sum for attorney's fees, costs of suit, etc. During the trial the only attorneys for the defendant in that action were Messrs. Dudley and Buck. On the 3d of July, 1897, J. G. Swinnerton, Esq., attorney at law, filed and duly served a notice of appeal from said judgment to this court, and also filed a good and sufficient undertaking which stayed the enforcement of the judgment during the pendency of the appeal. Thereafter, and on the eighth day of July, 1897, the attorneys for the said plaintiff, Elizabeth Benton, served upon Swinnerton, attorney for the defendant therein, a notice that they would, on .July 12, 1897, move the court for an order requiring the defendant to pay the plaintiff a reasonable sum pending said appeal as a fee for her attorneys on said appeal, and for her temporary support and maintenance during said appeal. On the said 12th of July, at 10 o'clock A. M., the motion came up for hearing, the plaintiff therein appearing by her attorneys, and the defendant Benton, petitioner herein, by his attorney, Swinnerton. The defendant, by his said attorney, moved the court for a continuance of the hearing of the motion to another day, in order that witnesses might be subpoenaed and give their testimony orally at such hearing; but the court denied the motion upon the

ground that the matter would be heard and determined on the records in the case and on affidavits, and to this ruling the defendant by his attorney excepted. It was then stated for the first time by defendant's attorney that the respondent was disqualified from hearing the motion because the law firm of Budd & Thompson were attorneys for the defendant and that one of the members of the said firm was the son of the respondent. The defendant's attorney then introduced an affidavit made by the defendant, sworn to on the 10th of July before a notary public, which affidavit set forth various facts for the purpose of showing the financial condition of the defendant, and that the allowance to be made to plaintiff by the court for counsel fees, maintenance, etc., should be less than that prayed for by the plaintiff. The affidavit did not refer to any other subject. At the end of this affidavit there was written: "J. G. Swinnerton and Budd & Thompson, attorneys for defendant." There was no other evidence that said Budd & Thompson were attorneys for the defendant; they did not appear upon the hearing of said motion, and took no part at any stage in the action or proceeding. The court held that there was no sufficient evidence to show that Budd & Thompson were attorneys for the defendant.

In the petition herein it is averred, that, unless the respondent is restrained by the order of this court, he "will proceed as such judge to enforce said order by a proceeding for contempt against this petitioner." In his answer respondent alleges that "he never intended to proceed, and never would have proceeded, even though not restrained by the order of this court, to enforce said order for the payment of alimony by a proceeding for contempt against said petitioner, T. N. Benton, or by any proceeding against him; and respondent alleges that he never threatened so to do."

Upon these facts, we do not think that the respondent should be perpetually restrained, as prayed for. We cannot say that the respondent was not warranted in holding that Budd & Thompson were not attorneys for the petitioner. We do not think that the mere signing of their names at the end of an affidavit made by another person, and where the signatures of the attorneys were not required at all, constituted an actual, *bona fide* appearance as attorneys in the case, in the absence of any other participation by

them in the action or proceeding. This view makes it unnecessary for us to inquire whether or not the appearance of Budd & Thompson at such a late stage of the case, where such appearance would apparently, at least, have been made for mere delay, would justify the party who employed those attorneys in himself invoking for his own advantage the provision of section 170 of the Code of Civil Procedure. (*People v. Gregory, ante,* p. 16.)

The prayer of the petitioner is denied, and the writ dismissed.

Beatty, C. J., did not participate in the foregoing.