[Civ. No. 2802. First Appellate District, Division Two.—August 6, 1919.]

## HARRY BECHTOLD et al., Respondents, v. K. CONEY, Appellant.

[1] CONTRACTS—RESCISSION—ORAL FRAUDULENT REPRESENTATIONS.—In an action for the cancellation of a written instrument because of certain alleged misrepresentations and fraud practiced by the defendant, it is not necessary that the fraudulent representations be in writing and a part of the contract.

[2] ID.—ACTION TO RESCIND — FINDINGS AS TO FRAUDULENT REPRESENTATIONS—JUDGMENT—CAVEAT EMPTOR.—In this action for the cancellation of a certain written agreement on the ground of fraudulent representations by the defendant, either the finding of the court as to the making of the fraudulent representation by the defendant as to the ownership of the patent in question and the reliance thereon by the plaintiffs or the finding as to the representation by the defendant that upon the signing of the agreement and payment of the first installment of the purchase price, he would furnish to plaintiffs one of the machines in question, together with specifications for the manufacture of other machines, which machine was never delivered, and that the defendant never had any intention of delivering said machine, would support the judgment in favor of the plaintiffs. As to such matters the doctrine of *caveat emptor* has no application.

[3] ID.—LACHES—DELAY EXCUSED.—In such action plaintiffs were not guilty of laches in failing to rescind the contract earlier where, after they received information from the United States patent office regarding the defendant's limited ownership of the patent right in question, they showed the papers and abstract to the defendant, and the latter promised to return the money paid to him when he succeeded in selling more territorial rights in the patent, and, in reliance upon defendant's promises from time to time thereafter that he would return the money, they delayed about one month before formally rescinding the contract.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

3. How and within what time right of rescission of contract must be exercised, note, 74 Am. Dec. 657.

Edward E. Gehring and Burton Jackson Wyman for Appellant.

M. J. Rutherford and E. C. Miles for Respondents.

LANGDON, P. J.—This is an action for the cancellation of a certain contract for the sale and purchase by the plaintiffs of certain territorial rights in a United States patent covering a file-sharpening device, and the recovery of $250 paid by plaintiffs on account of the purchase price of such rights. Plaintiffs claim the right to rescind and cancel the contract because of certain alleged misrepresentations and fraud practiced upon them by the defendant, which induced them to enter into said contract. Judgment was for the plaintiffs and the defendant appeals.

The contract of sale was in writing and is in evidence. It provides for the sale to the plaintiffs of all the right, title, and interest of the defendant in and to a certain patent right, for the price of five hundred dollars, $250 to be paid upon the signing of the agreement and the balance to be paid within sixty days; and also that the written assignment of such right was to be left with a bank in escrow to be delivered to the purchasers upon payment of the second installment of the purchase price, and also provides for a forfeiture of all rights of the plaintiffs, if payment is not made within the sixty days. [1] Appellant contends that this written agreement superseded all previous negotiations, and such previous negotiations, representations, etc., were all merged in the contract, and may not be shown by the plaintiffs to vary the terms of the written contract. If this contention were true, it would never be possible to avoid a written contract for fraudulent misrepresentations unless such misrepresentations were also in writing and made a part of the contract. This clearly is not the law. The Civil Code provides (section 1566) that a contract may be rescinded where the consent is not free, and in the following section it is provided that consent is not free when such consent is induced by fraud. Actual fraud is defined in section 1572 of the Civil Code. The plaintiffs, in attempting to show actual fraud, as defined by said last-mentioned section, were entitled to show all the matters of inducement for entering into the contract. Actual fraud is always a ques-

tion of fact (Civ. Code, sec. 1574), and the trial court has made very complete findings covering numerous fraudulent misrepresentations by the defendant, any one of which is sufficient to warrant the relief granted to the plaintiffs. It is, therefore, not necessary for us to discuss each of said findings. The court found that before the signing of the contract defendants made statements and representations to the plaintiffs which were fraudulent, and that, among other things, said defendant represented that he was the exclusive owner of a certain United States patent right, the said patent number being 680,152, as said patent is filed of record in the patent office of the United States of America. The court further found that the plaintiffs believed and relied upon said representation and statement and were induced and influenced thereby, and while believing and relying upon such representation, made and entered into the contract in question; that said statement was false and untrue and known by the defendant to be false and untrue, and that the defendant was not the exclusive owner of the said patent rights so designated, but that defendant is only the owner of a one-sixth undivided interest in said patent right, and that said one-sixth interest did not and does not entitle said defendant to the exclusive right in any territory in the state of California or any other state. This finding is sustained by the testimony of the plaintiff Bechtold, who testified that the defendant represented that he was the sole owner of the patent. The answer admits that the defendant was the owner only of a one-sixth interest in said patent.

The court also found that the defendant represented to the plaintiffs that upon the signing of the agreement and the payment of the first installment of the purchase price, he would furnish to said plaintiffs a machine for sharpening files, as said machine is set forth and designated in said patents, together with specifications for the manufacture of other machines. The plaintiff Bechtold testified positively that the defendant agreed to deliver such a machine to him upon the signing of the agreement and that said machine was never delivered. The trial court found that the defendant never had any intention of delivering said machine and this finding is of a fact fairly inferable from the entire evidence. This brings the case within the fourth subdivision of section 1572 of the Civil Code, defining actual fraud to be

a promise made without any intention of performing it. [2] Either of the findings discussed herein would support the judgment, and to such matters the doctrine of *caveat emptor* clearly has no application, and we think appellant's argument upon this doctrine needs no further discussion.

[3] Appellant also urges that the plaintiffs were guilty of laches in failing to rescind the contract earlier. The contract was entered into upon March 23, 1917. Plaintiffs allege that they did not discover the falsity of the representations until about May 1, 1917, and at that time demanded a return of their money, and that they formally rescinded the contract upon June 1, 1917. The plaintiff Silva testified that about April 23, 1917, one month after the agreement was signed, he asked for a return of his money, which was two or three weeks after plaintiffs discovered that misrepresentations had been made. He testified that when he received the information from Washington regarding the defendant's limited ownership of the patent right, he showed the papers and abstract to the defendant, and that the defendant promised to return his money when he succeeded in selling more territorial rights in the patent; that because of this promise by the defendant, the plaintiff continued his visits and demands for his money, and discussed the matter with the defendant seven or eight times, relying upon defendant's promise from time to time that he would return the money, and that he (Silva) finally became tired of waiting, and formally rescinded the contract on June 1st, and brought suit on June 8th. Under such circumstances, we do not think there was any lack of diligence upon the part of the plaintiffs.

The judgment is affirmed.

Brittain, J., and Haven, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 2, 1919.

All the Justices concurred.