[L. A. No. 11060.   In Bank.—August 9, 1932.]

GRACE M. REINIGER, Respondent, v. JOHN A. HAS-
SELL, Appellant.

Geo. D. Blair for Appellant.

Clyde C. Shoemaker for Respondent.

TYLER, J., *pro tem.*—Action for rescission of a contract. The facts show that on the fourteenth day of July 1923, plaintiff and defendant entered into an agreement whereby defendant agreed to sell and plaintiff agreed to buy an interest in a certain oil and gas lease. The complaint charged that defendant made false and fraudulent representations concerning the acreage of the land covered by the lease, and its location with reference to certain producing wells. The trial court found, upon sufficient evidence, that all of the representations made by defendant were false and untrue and were so made for the purpose of inducing plaintiff to enter into the agreement. The court further found that ·on October 10, 1923, plaintiff gave notice of rescission and demanded the return of the money she had paid. Judgment· was accordingly rendered against defendant for the sum of $4,640, principal and interest, and from this judgment defendant appeals.

The first point urged for a reversal is that the evidence is insufficient to show or justify the court in deciding in effect that plaintiff rescinded promptly upon the discovery of the alleged fraud, for the reason that the evidence shows without conflict that plaintiff discovered such alleged fraud at least seventy-two days prior to the time of serving her notice of rescission. There is no merit in this contention. It appeared in evidence that within a few days after plaintiff had entered into the contract she became suspicious of defendant's good faith and demanded a return of her money. Defendant informed her that he did not have it at that time but would procure it for her. The agreement having been mutually rescinded, plaintiff waited until October 1st for defendant to fulfill his promise. He not having done so, she then gave defendant formal notice of rescission. Under such circumstances we cannot say that the evidence is insufficient to justify the implied finding that plaintiff acted promptly. Where a party protests promptly on discovering that he has been defrauded in making a contract, and enters into negotiations for a peaceable settlement, which fail, a complaint filed within a reasonable time after such

failure is not barred by laches. (*Cooper* v. *Huntington*, 178 Cal. 160 [172 Pac. 591]; *Bechtold* v. *Coney*, 42 Cal. App. 563 [183 Pac. 841]; *Menefee* v. *Oxnam*, 42 Cal. App. 81 [183 Pac. 379]; 2 Black on Rescission and Cancellation, sec. 544.) There is no hard and fixed rule as to the lapse of time, or circumstances which will justify the application of the doctrine of laches. (*Kleinclaus* v. *Dutard*, 147 Cal. 245 [81 Pac. 516].) The question of whether or not a party defrauded has rescinded promptly depends upon all of the facts and circumstances of the particular case and this question is one primarily for the trial court to determine. If its conclusion finds reasonable support in the evidence, reviewing courts will not interfere therewith. (*Suhr* v. *Lauterbach*, 164 Cal. 591 [130 Pac. 2]; *Powell* v. *Oak Ridge Orchards Co.*, 84 Cal. App. 714 [258 Pac. 636]; *Smith* v. *Riverside Groves etc. Co.*, 19 Cal. App. 165, 167 [124 Pac. 870].) Here there is no showing of any abuse of the discretionary power reposed in the trial court.

■ Appellant urges the further contention that the judgment is contrary to law, for the reason that the trial court failed to make a finding upon the issue raised as to whether or not plaintiff acted promptly in exercising her right to a rescission. A finding that plaintiff rescinded promptly upon becoming aware of defendant's fraud is necessarily implied from the findings and decision of the lower court. Where a finding omitted must be inferred from a consideration of the findings actually made, the appellate court will recognize the necessary inference and consider the finding in question as having in effect been made, and this is so with respect to laches. (*Scott* v. *Symons*, 191 Cal. 441 [216 Pac. 604]; *Stevinson* v. *San Joaquin etc. Co.*, 162 Cal. 141 [121 Pac. 398]; *Suhr* v. *Lauterbach, supra.*) In the Symons case, it is held that the trial court, having given judgment in favor of plaintiff, in effect found against unnecessary delays in instituting the action.

The evidence is ample to support the implied finding that plaintiff rescinded promptly. If there was an express finding on the subject, it would have to have been, under the evidence, adverse to the appellant. Under these circumstances its omission will not constitute error sufficient to

authorize a reversal. (*Reed* v. *Johnson,* 127 Cal. 538, 541 [59 Pac. 986].)

The judgment is affirmed.

Waste, C. J., Shenk, J., Seawell, J., Curtis, J., Preston, J., and Langdon, J., concurred.