[Civ. No. 5272.   Third Appellate District.—March 7, 1935.]

MAUDE WAGAMAN, Appellant, v. CLIFFORD F. REID, INC. (a Corporation), et al., Respondents.

Kenneth W. Kearney for Appellant.

W. C. Shelton, Geo. W. Burch, Jr., Gibson, Dunn & Crutcher and Max Eddy Utt for Respondents.

PULLEN, P. J.—This is an appeal by plaintiff from a judgment of nonsuit entered against her in an action for the rescission of a contract to purchase certain real property. The complaint alleges that on June 3, 1930, plaintiff, who

was a widow and unfamiliar with business, and defendants entered into a written contract whereby defendants agreed to sell to plaintiff certain described real property for $16,-900, upon account whereof plaintiff paid $3,947.65. The complaint then sets out several representations which it is claimed defendants made to plaintiff, and concludes with the customary allegations that these representations were knowingly false and were made for the purpose of inducing plaintiff to enter into the contract, which representations plaintiff believed and relied upon. It is further alleged that plaintiff did not discover the alleged fraud until August, 1931, at which time she notified defendants that she elected to rescind, and offered to return to them anything of value she had received.

Defendant Clifford F. Reid, Incorporated, admitted the making of the contract, the payment of the sum of $3,947.65, the service of the notice of the rescission, and denied the other allegations of the complaint. Defendant Security First National Bank of Los Angeles similarly denied the allegations in the complaint, alleged laches, and also set out as an affirmative defense the following paragraph in the contract:

"It is understood and agreed that the Buyer is of legal age and that the property above described has been inspected by the Buyer or the Buyer's duly authorized agent; that the same is and has been purchased by the said Buyer as a result of said inspection and not upon representation made by the Seller or any selling agent, and said buyer hereby expressly waives any and all claims for damages by reason of any cancellation made by any selling agent or person whatsoever other than is contained in this contract for any inducement, promise, representation, agreement, condition or stipulation not set forth herein."

Plaintiff claims the evidence adduced by her was sufficient to establish that the representations made by defendants to her were false. These representations in effect were: First, that defendants would and could recover for her certain moneys she had invested with another firm if she would contract to purchase a lot from defendants; secondly, that defendants would employ plaintiff as a solicitor and that they would pay her enough to make the payments on the property purchased from them, and thirdly, that if she would purchase the property here involved defendants

would resell it for her in four weeks at a profit of $3,000, and that plaintiff would not be required to pay any of the monthly installments upon the contract.

We do not deem it necessary to set forth the evidence of plaintiff in support of these assignments, but suffice it to say, however, that such testimony was sufficient standing alone, to warrant a rescission, particularly in view of the rule recently declared in the case of *Speck* v. *Wylie*, 1 Cal. (2d) 625 [36 Pac. (2d) 618, 95 A. L. R. 760], and *Lozier* v. *Jans Investment Co.*, 1 Cal. (2d) 666 [36 Pac. (2d) 620], which opinions were handed down subsequent to the ruling by the trial court in this case, and the filing of the briefs herein. Those cases either overrule or practically nullify a number of the cases relied upon·by respondent, both at the trial and upon this appeal. In the case of *Speck* v. *Wylie, supra,* the court had before it a contract containing language very similar to that found in the contract here before us and set forth by defendants in their amended answer as a special defense, and the court there held that where a person is induced to enter into a contract to purchase real property through fraudulent representations made by the seller's agent, such person is entitled to rescind the contract and to recover the consideration paid even though the contract recites the property has been inspected by the purchaser and has been purchased as a result of such inspection and not upon representations made by the seller or his agent, and that the seller is not responsible for any inducements, promises, representations or agreements not set forth in the contract.

Neither do we at this time find plaintiff guilty of laches as to bar her claim for equitable relief. The testimony shows that after selling plaintiff the lot, one Thomas Ferguson, a salesman in the employ of defendant Reid, Incorporated, assured and reassured her after the expiration of the four weeks' period, he had a purchaser for the lot in question. The contract to purchase was entered into June, 1930. In October, at the request of plaintiff, Ferguson called upon her and said he had been ill, but again assured her she would get her money back or would take the lot over himself. These promises and assurances were repeated from month to month in various forms until plaintiff became dissatisfied and placed the matter in the hands of her

attorney early in 1931, who then carried on negotiations until the filing of the complaint in October of that year.

The rule in such cases is clearly stated in the case of *Sherratt* v. *Hellman Commercial Trust & Savings Bank,* 112 Cal. App. 542 [297 Pac. 582], where fraud was discovered in October, 1925, and notice of rescission was filed approximately a year later, and an action thereon filed in January, 1927.

The general rule in such cases has been stated also by the Supreme Court in the case of *Reiniger* v. *Hassell,* 216 Cal. 209, 210 [13 Pac. (2d) 737], as follows:

"Where a party protests promptly on discovering that he has been defrauded in making a contract, and enters into negotiations for a peaceable settlement, which fail, a complaint filed within a reasonable time after such failure is not barred by laches. (*Cooper* v. *Huntington,* 178 Cal. 160 [172 Pac. 591]; *Bechtold* v. *Coney,* 42 Cal. App. 563 [183 Pac. 841]; *Menefee* v. *Oxnam,* 42 Cal. App. 81 [183 Pac. 379]; 2 Black on Rescission and Cancellation, sec. 544.) There is no hard and fixed rule as to the lapse of time, or circumstances that will justify the application of the doctrine of laches. (*Kleinclaus* v. *Dutard,* 147 Cal. 245 [81 Pac. 516].) The question of whether or not a party defrauded has rescinded promptly depends upon all the facts and circumstances of the particular case and this question is one primarily for the trial court to determine. . . . "

We believe, in view of the foregoing, that the trial court was in error in granting the nonsuit, and the judgment is therefore reversed.

Plummer, J., and Thompson, J., concurred.