[Civ. No. 10893. Second Appellate District, Division Two.—June 5, 1936.]

PUBLISHERS DISTRIBUTING SERVICE, INC. (a Corporation), Appellant, v. SOUTHERN CALIFORNIA SCHOOL BOOK DEPOSITORY, LTD. (a Corporation), Respondent.

Hansen & Sweeney and Francis W. Read for Appellant.

Lin Price for Respondent.

GOULD, J., *pro tem.*—Plaintiff sued in two counts for the recovery of commissions under a sales agency agreement and

for damages for fraudulent representations alleged to have been made by defendant to induce plaintiff to enter into said agreement. Defendant countered with a claim for damages for alleged breach of the same contract. The trial court, sitting without a jury, denied plaintiff any relief and likewise gave defendant nothing upon its cross-complaint. Plaintiff now appeals from that portion of the judgment determining that it was entitled to recover nothing.

As to the count for the recovery of commissions, appellant asserts that the court's finding that appellant had been ''paid in full'' is directly contrary to and in conflict with a stipulation entered into by counsel for both sides in open court, by which stipulation, appellant contends, it was conceded that respondent was indebted to it in the sum of $537.34. Examination of the record does not uphold this contention. While respondent's counsel in the course of the lengthy colloquy regarding the form and extent of the stipulation agreed that the amount in question had not been paid to appellant, he added: ''This is not a stipulation that the amount is due.'' The stipulation cannot be construed to be anything more than an admission that a certain amount had been paid appellant for commissions and that a certain amount was unpaid. It is in harmony with respondent's answer and contention in the case that no further sum of money was due ''under the terms and conditions of said agreement'', and also in harmony with the court's finding that nothing further was due appellant.

As to the second cause of action, concerning alleged fraudulent representations, appellant complains that the findings do not answer the questions raised by the pleadings and that they are not so drawn as to demonstrate the truth or falsity of every material issue. It is true that the allegations of fraudulent representations are disposed of by one blanket finding to the effect that ''defendant made no fraudulent representations or inducements to procure said agency contract'', without particularizing as to each alleged item of fraud. The court's general finding that no fraudulent representations or inducements were made to procure the agency contract would of itself be sufficient to support the judgment denying appellant any relief. It is not claimed that there is no substantial evidence to support this finding. Findings should be interpreted to uphold the judgment if that may

be done by a reasonable construction (*Chow* v. *City of Santa Barbara*, 217 Cal. 673 [22 Pac. (2d) 5]), and where a finding on a particular point, though omitted, must be inferred from a consideration of the ultimate fact found, "the appellate court will recognize the necessary inference and consider the finding in question as having in effect been made". (*Reiniger* v. *Hassell*, 216 Cal. 209 [13 Pac. (2d) 737].) Following this rule in the case before us, we have the court's ultimate finding of fact that no fraudulent representations were made, and we may properly consider by necessary inference that the court to reach that ultimate fact found adversely to appellant as to each and every of its allegations of fraud and misrepresentation.

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.