[Civ. No. 2491.   Fourth Dist.   Nov. 19, 1941.]

W. E. HITCHCOCK et al., Respondents, v. KATHLEEN McN. LOVELACE, Appellant.

820

Cupp, Hunt & Henderson and Geo. R. Wickham for Appellant.

Fred A. Wilson for Respondents.

WEST, J. *pro tem.*—This is an appeal by the sole appearing defendant Kathleen McN. Lovelace, on the judgment roll, from a judgment decreeing that plaintiffs are the owners of certain easements, rights of way, and rights in, to and over lands of appellant lying adjacent to property of plaintiffs in San Bernardino County and enjoining defendants, their agents, servants or employees from interfering with plaintiffs' use and enjoyment thereof.

The complaint contains several causes of action although the same are not separately stated.

Five separate easements were contended for and decreed by the court, although in their use and enjoyment they were somewhat connected. To clearly understand them a somewhat detailed statement of facts is essential. This statement is taken from the findings of fact inasmuch as all of the allegations of the complaint were found to be true.

Plaintiffs for more than ten years prior to the commencement of the action had been the owners and in possession of a quarter section of land used by them as a camp for men and livestock incident to the business of raising cattle. This parcel has been and will be referred to herein as parcel 1. Appellant is and since 1932 has been the owner of and for three years before the action was instituted has been in possession of two large parcels contiguous to parcel 1 and lying westerly thereof but extending both to the northwest and southwest of the borders of parcel 1. The southeast corner of one of said parcels, herein referred to as parcel 2, is common with the northwest corner of parcel 1. Appellant's other parcel, herein referred to as parcel 3 is a quarter section lying westerly of parcel 1, together with other lands lying southwesterly of parcel 1 and having a northeast corner common with the southwest corner of parcel 1.

A natural watercourse known as Grapevine Creek has from time immemorial flowed northerly down Grapevine Canyon across parcel 1. For over 35 years the general public, including the plaintiffs and their predecessors in interest, have used and traveled a public highway known as Old Road or Dead Man's Point Road, which extends from the mouth of Grapevine Canyon on parcel 1 in a northwesterly direction across parcel 1 intersecting the west line thereof at a point 130 feet south of the common northwesterly corner of parcel 1 and the southeasterly corner of parcel 2 and continuing across parcels 2 and 3 and lands northwesterly of parcel 2 to a main highway which extends easterly and westerly between Victorville and Lucerne Valley to the north of the lands of the parties to this action.

Another canyon known as Vader Canyon lies westerly of Grapevine Canyon and extends southerly to the summit of the San Bernardino mountains and northerly to its mouth

which is located on parcel 3. Near the mouth of this canyon waters from time immemorial have risen to the surface and have formed a spring known as Vader Canyon Spring, the production of which has been augmented by means of a tunnel driven into the west wall of the Vader Canyon. A public highway extends northerly from the head of Vader Canyon which is approximately one quarter of a mile south of the south line of parcel 3 proceeding along the bottom of the canyon across parcels 3 and 2, and joins the old road on parcel 2. For more than 35 years the general public, including plaintiffs and their predecessors, have traveled and used Vader Canyon Road into the canyon and to the summit of the mountains lying to the south.

In the month of March, 1935, plaintiffs, for the purpose of providing an additional means of travel from the main highway to parcel 1, constructed a road herein referred to as "New Road," extending from said main highway at a point due north of the west line of parcel 1 south in a straight line to the old road at the point where the old road intersects the west line of parcel 1.

For more than 35 years the general public, including plaintiffs and their predecessors in interest, have used and traveled a trail referred to herein as the cattle trail, which ascends out of Grapevine Canyon on parcel 1 near the mouth of the canyon and extends in a general southwesterly direction into parcel 3 and over the foothill which comprises the east wall of Vader Canyon and then proceeds along the east wall of Vader Canyon to the bottom of the Canyon where it joins with the Vader Canyon Road continuing up said Vader Canyon along the road to the head of Vader Canyon and then continues from the southerly terminus of Vader Canyon Road along the walls of Vader Canyon to the summit of the mountains. From time to time plaintiffs and their predecessors in interest and also members of the public using the cattle trail have cut away portions of the mountainside on parcel 3 along the walls of Vader Canyon to facilitate the passage of livestock and cattle.

The general public, including plaintiffs and their predecessors in interest, have for more than 35 years used the waters of Vader Canyon Spring for domestic purposes and for the watering of livestock, during all of which time free and uninterrupted access has been had thereto by means of

the Vader Canyon Road and the cattle trail, and for more than ten years plaintiffs and their predecessors in interest have maintained a trough at the spring for the use of the general public and for plaintiffs' livestock. The trough so maintained was destroyed by the defendants some time during the year 1937, and upon plaintiffs learning of such destruction they constructed a cement trough at the spring and conveyed waters from the spring by means of pipes to the cement trough. This cement trough was in turn destroyed by defendants, and thereafter defendants have prevented the installation of any facilities for collecting and using said waters.

From time to time since 1936, the defendants have taken steps to interfere with plaintiffs' use of the various roads and have also obstructed the cattle trail and prevented the effective use of the waters from the Vader Canyon Spring. Within a year prior to the filing of this action an iron rail was imbedded in the old road near the west line of parcel 2 by defendants and they have constructed barriers on said road on parcel 3 and near the east line thereof. They have also erected signs in the road stating that it was closed and that persons using it would be guilty of trespass. They also constructed fences on Vader Canyon Road both north and south of the Vader Canyon Spring in the years 1936 and 1937. In 1937 they constructed a fence across the cattle trail at a point where the trail proceeds along the east wall of Vader Canyon and within a year prior to the filing of the action placed obstructions on the new road near its intersection with the north line of parcel 2 and near its intersection with the south line of parcel 2. Their conduct with regard to the Vader Canyon Spring and the destruction of the water troughs maintained by plaintiffs has heretofore been alluded to. Defendants have also threatened plaintiffs with bodily harm in the event they should enter upon parcels 2 and 3 or any portion thereof either for the purpose of using any of the roads or the spring or for the purpose of attempting to remove any of the barriers or obstructions, and they have threatened to kill any livestock of the plaintiffs which might enter upon appellant's property and have forbidden the plaintiffs any right to use the roads, trail or spring.

The trial court found that defendants had been in possession of parcels 2 and 3 for three years before the filing of

the action and at all times since they had been in possession or claimed the right to the possession of the two parcels, had possessed full knowledge of the use by plaintiffs of the old road, the Vader Canyon Road, the new road, the cattle trail, and the waters of Vader Canyon Spring.

From these findings it was concluded and the court decreed:

"(c) That the plaintiffs are, and for more than ten years last past have been, the owners of the following easements, rights of way and rights in, to and over said Parcels Two and Three, to-wit:

"(1) An easement and right of way for all highway purposes, including the transportation by vehicles and on foot of persons, livestock and property, over and across those portions of said Parcels Two and Three now and heretofore embraced within the exterior boundaries of that certain highway, sometimes known as Deadman's Point Road, which intersects the east line of said Parcel Three at a point distant south 130 feet from the northeast corner of said Parcel Three, and extends therefrom in a general northwesterly course across said Parcels Three and Two to its junction with that certain east and west public highway which extends from Victorville in said County to Lucerne Valley in said County, and which junction is located near that certain promontory known as Deadman's Point;

"(2) An easement and right of way for all highway purposes, including the transportation by vehicles and on foot of persons, livestock and property, over and across those portions of said Parcels Two and Three lying within the exterior boundaries of that certain road sometimes known as Vader Canyon Road which extends in a general northerly and southerly direction in and along the bottom of Vader Canyon from a point distant approximately one-fourth of a mile south of the south line of said Parcel Three to the intersection of said Vader Canyon Road with said Deadman's Point Road in said Parcel Two;

"(3) An easement and right of way for all highway purposes, including the transportation by vehicles and on foot of persons, livestock and property, over and across those portions of said Parcels Two and Three lying within the exterior boundaries of that certain road which extends northerly from

the northwest corner of said Parcel One to said east and west public highway;

"(4) An easement and right of way for the passage, travel and movement of persons and livestock on foot over and across those portions of said parcels Two and Three lying within the exterior boundaries of that certain cattle trail which extends out of Grapevine Canyon in said Parcel One near the mouth of said canyon, and extends in a general southwesterly direction to the top of the foothill comprising the east wall of said Vader Canyon, and thence along the east wall of said Vader Canyon to the bottom of said Vader Canyon and its junction with said Vader Canyon Road;

"(5) An easement in, and the right to take and use the waters from, that certain spring known as Vader Canyon Spring located upon said Parcel Three in said Vader Canyon west of said Vader Canyon Road, together with the right to collect the waters of said Vader Canyon Spring by means of pipes and troughs for domestic uses and the watering of livestock, and together with an easement and right of way for the passage of persons and livestock between said Vader Canyon Spring and said Vader Canyon Spring Road, and together with an easement and right of way for the passage, travel and movement of persons and livestock over and across said Deadman's Point Road, said Vader Canyon Road and said cattle trail to said Vader Canyon Spring for the purpose of obtaining access to the waters of said Vader Canyon Spring and the waters thereof collected by means of the pipes and trough aforesaid. . . .

"(e) That that certain cattle trail hereinbefore referred to is, and for more than thirty-five years last past has been, a public easement and used by the public for the passage, travel and movement of persons and livestock on foot;

"(f) That that certain spring hereinbefore referred to as Vader Canyon Spring is, and for more than fifty years last past has been, a water hole and body of water needed and used by the public for watering purposes, and that all land within one-fourth of a mile of said Vader Canyon Spring for more than ten years last past has been and are now reserved for public use in accordance with the provisions of Section 10 of the Act of Congress dated December 29th, 1916 (39 U. S. Stats. 862), and that said Vader Canyon Spring and all lands within one-fourth of a mile thereof for more than

ten years last past has been and is now reserved for public use, including the passage, travel and movement of persons, livestock and property, by vehicles and on foot, to and from said spring, and the use of the waters of said spring for domestic purposes and the watering of livestock;

"(g) That the plaintiffs are entitled to a writ of injunction restraining and enjoining the defendants, and each of them, from interfering with the use and enjoyment by the plaintiffs, their servants, agents and employees, of each and all of the easements, rights of way and rights set forth in Paragraphs 'c' and 'd' hereof, including the rights as members of the public to the use of said roads, said cattle trail, said Vader Canyon Spring and the land within one-fourth of a mile thereof, as aforesaid."

The language of the conclusions of law and the judgment have been quoted verbatim inasmuch as the contentions made by appellant are so directly concerned therewith.

The court found that the old road or Deadman's Point Road and the Vader Canyon Road, were public highways, and no point is made of such finding other than that the descriptions of neither of said roads or highways are set forth with such particularity as to enable appellant to know what portion of her property is so claimed. ■ She refers, as supporting her position that the judgment so far as it pertains to the easements in these highways is void, to the case of *Leverone* v. *Weakley,* 155 Cal. 395 [101 Pac. 304], in which the Supreme Court said (p. 398):

"It goes without saying that where it is sought to have it decreed that real property of a person is subject to a use or easement in favor of another, the property affected must be described in the pleadings with such certainty as to enable the party against whom the claim is made to definitely know exactly what portion of his property is so claimed, and the judgment establishing the validity of the claim must be definite and certain as to the property affected."

This is undoubtedly the established rule and the authorities are uniform in support thereof. (*Pacific Gas & Electric Co.* v. *Crockett Land and Cattle Co.,* 70 Cal. App. 283 [233 Pac. 370]; *Matthiessen* v. *Grand,* 92 Cal. App. 504 [268 Pac. 675].)

■ However, the above rule is modified to some extent by that which is to the effect that where land has a descriptive

name it may be described by such name. That a grant of an estate in real property may be so described is the subject of legislation (Civ. Code, sec. 1092), and several judicial holdings (*Haley* v. *Amestoy*, 44 Cal. 132; *Martin* v. *Lloyd*, 94 Cal. 195 [29 Pac. 491]; *Murray* v. *Tulare Irrigation Co.*, 120 Cal. 311 [49 Pac. 563, 52 Pac. 586]; *Smart* v. *Peek*, 213 Cal. 452 [2 Pac. (2d) 380]). No valid reason is perceived why a different rule should be applied where the rights of respondents, as members of the public, in lands of the appellant arise by virtue of a user sufficient to conclusively imply a dedication. This court in *Gray* v. *Magee*, 133 Cal. App. 653 [24 Pac. (2d) 948], had before it the sufficiency of a complaint which alleged that there was a public road extending (p. 662) "from the home of Hugh Magee in a northwesterly direction toward Temecula and in a southerly direction towards Pala," and which complaint described the property allegedly owned by the defendants over which the road passed by section, township and range and alleged that one continuous road from Temecula to Pala was thus formed. It was held there that the complaint sufficiently apprised the defendants of the location of the public road which was claimed to exist. In the instant case the court found that the old road and Vader Canyon Road were public highways. They had been used by the public for more than 35 years. The termini of both are set forth, and the section, township and range within which they pass over appellant's lands are set forth. We believe the descriptions of such highways are sufficient to advise appellant of the locations of these roads so far as they pertain to her property.

We next pass to a consideration of the easement across parcels 2 and 3 lying within the exterior boundaries of the so-called new road. The roadway was laid out in 1935 by respondents who, it was found, dedicated the same to public use. Whether or not any portion of the road is actually on appellant's property does not appear. The court found that such easement applied to appellant's land "to the extent that said new road, if at all, is embraced within the exterior boundaries of parcels 2 and 3." It is apparent that respondents could dedicate no portion of appellant's lands to public use and it is equally true that an attempt on their part so to do could vest in them no private rights therein. The new road was laid out in 1935 and the complaint in this action

was filed in 1939. It is clear, then, that no prescriptive rights were acquired by respondents by virtue of their construction and use of this road. The use of a right of way can never ripen into a prescriptive right unless the possession is continuous, under a claim of right, open, notorious, uninterrupted and adverse for five years. (*Costello* v. *Sharp*, 65 Cal. App. 152 [223 Pac. 567]; *Clarke* v. *Clarke*, 133 Cal. 667 [66 Pac. 10]; *Barlow* v. *Frink*, 171 Cal. 165 [152 Pac. 290].) Measured by this standard, it is clear that the judgment as to the new road must be reversed.     In this connection it may be noted that the description of the easement decreed in the new road is so vague and uncertain as to make impossible of determination where it proceeds. Whether any portion extends over appellant's land is purely conjectural. If it does not, the judgment of the court should in any event have been limited to an injunction restraining the creation or maintenance of a public nuisance thereon.

     Appellant attacks the findings and judgment with relation to the cattle trail from the point of uncertainty and indefiniteness of description and also contends that the judgment decreed to respondents rights in excess of those established by the findings of fact and conclusions of law. Referring to the first of these contentions, it is obvious by a reference to the easement granted that the description is vague and uncertain in the extreme. There is nothing to indicate where the trail enters upon appellant's property nor where it leaves. It does not appear nor can it be ascertained that a well-defined roadway or pathway exists known by a descriptive name of such a character as to apprise appellant or anyone else just where the exterior boundaries lie over any portion of its course on appellant's land, with the exception of that portion where the cattle trail and the Vader Canyon Road follow the same course, although whether the junction of the cattle trail and Vader Canyon Road is within or without appellant's property is not disclosed. The judgment granting the easement over the cattle trail must be reversed because of the uncertainty of description. It may be said further that considerable difficulty is encountered in an examination of the court's findings as to whether the easement in the cattle trail is predicated upon a dedication by the owner as a public highway, or by prescription. The conclusion drawn by the court that the trail is a public

easement is of doubtful support. A finding that a road is a public highway would support the conclusion that respondents as members of the public had the right which was decreed. (*Leverone* v. *Weakley, supra.*) Likewise, a finding that user of a way has been open, actual, continuous under claim of right, adverse, and hostile to the true owner's title for a period of five years would support the conclusion that respondents' rights are by prescription. (*Clarke* v. *Clarke, supra; Barlow* v. *Frink, supra.*) Here, however, the findings do not support the conclusions and judgment as to respondents' ownership of the right of way on either theory.

An easement in and the right to take and use the waters of Vader Canyon Spring and the right to collect the waters of the spring by means of pipes and a trough for domestic use and the watering of livestock, together with an easement and right of way for passage and movement of persons and livestock over and across the old road, Vader Canyon Road, and the cattle trail to gain access to said waters was decreed. It was found by the court that these waters had been used by respondents and their predecessors in interest and by the general public for more than 35 years for domestic purposes and the watering of livestock and that free and uninterrupted access had been had thereto except when the troughs had been destroyed by appellant. It was also found, although this finding of fact is placed in the conclusions of law, that the spring is a water hole by virtue of acts of Congress and executive orders pursuant thereto. The decree must be supported either on the theory of prescription or upon the theory that the spring and all land within one-fourth of a mile thereof in all directions is reserved for public use by statute and executive action. It is true that respondents contend that there is a conclusive presumption of dedication arising from the public use over a period of more than five years. Yet the findings nowhere supply the element of knowledge on the part of the owner for such period that the adverse use by respondents was being made. In fact the only knowledge ascribed to appellant as to any of the uses by the public or by respondents of any of the roads or the spring is for a three-year period rather than the five-year period of user which will raise the presumption of dedication based upon adverse use. (*Hare* v. *Craig,* 206 Cal. 753 [276 Pac. 336].) On the theory of a prescriptive right arising the same objec-

tion appears, namely, that there is no finding of the ultimate fact of user over a period of five years with the knowledge of the owner and adverse to such owner. It is true that upon an appeal upon the judgment roll alone we must assume that there was evidence to support the conclusion reached that respondents were the owners of the easement, and the elements of adverseness, openness, notoriety and hostility of the use may be supplied by the finding that such easement is owned by the respondents. But where, as here, it is also specifically found that the knowledge of the owner has come during the possession or during the time appellant claimed the right to possession, and the duration of this possession is affirmatively determined to be three years before the action was filed, then it seems clear that the presumption cannot be relied upon for it contradicts the clear finding which negatives the prescriptive right. ■ Specific findings must control in case of any inconsistency between a general finding and specific findings. (*Lobb* v. *Brown,* 208 Cal. 476 [281 Pac. 1010].) ■ Therefore, the court's finding that plaintiffs have the easement decreed must be affirmed, if at all, upon the other theory advanced. We believe that the judgment should be upheld as to the spring and the rights of respondents therein for the reason that it was found to be a water hole reserved for public use. Appellant attacks the finding of the trial court in that it is nowhere set forth how or in what manner the action of the proper federal authorities was taken and by which the spring became a body of water needed or used by the public, including respondents. Such was unnecessary. ■ The statement of probative facts upon which a finding depends is unnecessary. (*Cooley* v. *Miller & Lux,* 156 Cal. 510 [105 Pac. 981].) Probative facts are necessarily included in the findings of ultimate facts. (*Adams* v. *Crawford,* 116 Cal. 495 [48 Pac. 488].) ■ Appellant further contends that the finding with respect to the so-called easement by which respondents have made use of the waters of the spring and have gained access thereto is at variance with the judgment in that the limitation naturally imposed by the time and extent of the past user is not considered in the judgment but that the fair import of the judgment is to give the respondents the unlimited use of all the waters of the spring and that in addition no route, trail, or path is designated by which the respondents and their live-

stock may reach the spring. But since the judgment is in our opinion properly predicated not upon user but upon reservation to public use under appropriate legislative and executive action, it must be assumed that the trial court based its findings and judgment upon proof of legislation and suitable pursuant orders. Therefore we must take it that the rights of respondents follow the terms of the executive orders by which the public enjoys the use, and in any event, since the benefits accruing to respondents from the water hole are in excess of any rights they would have to take waters from the spring by virtue of their claimed easement, it is difficult to see how appellant has been injured by the failure of the court to limit respondents' rights either as to the amounts of water to be taken or the times when the appropriation might take place.

The judgment, insofar as it decrees that plaintiffs are the owners of easements in the old road or Deadman's Point Road, in the Vader Canyon Road, and in the waters of Vader Canyon Spring, is affirmed. The judgment, as it decrees that plaintiffs are the owners of easements within the exterior boundaries of the new road, insofar as it is embraced within the exterior boundaries of parcels 2 and 3, and as it decrees the easement in the cattle trail, is reversed. Neither party to recover costs of this appeal.

Barnard, P. J., and Marks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 15, 1942.