[Civ. No. 7961. Third Dist. June 18, 1951.]

ELLIS G. GSCHWEND et al., Respondents, v. H. L. STOLL et al., Appellants.

Spurr & Brunner and John Lawrence for Appellants.

Mannon Brazier for Respondents.

SCHOTTKY, J. pro tem.—Plaintiffs and respondents brought this action against defendants and appellants to recover the sum of $1,308.81. The complaint contained two common counts: (1) "That within two years last past defendants became indebted to plaintiffs in the agreed sum of $7,258.05 for lumber, logs and lumbering materials sold and delivered," and "that only $5,949.24 has been paid"; and (2) "That within two years last past the defendants became indebted to plaintiffs in the sum of $7,258.05 for lumber, logs, and lumbering materials sold and delivered," and "that only $5,949.24 has been paid." Defendants' answer denied the allegations of the complaint, and offered to allow judgment for $396.27 plus $12 costs to be taken against them.

The court in its findings found that all of the allegations of the complaint were true, and found further that "plaintiffs sold to defendants . . . lumber, logs and lumbering materials in the aggregate agreed and reasonable sum of $7,258.05, and said defendants have paid only $5,949.24 on account thereof." The court concluded that plaintiffs were entitled to judgment against defendants in the sum of $1,308.81, and this appeal is from the judgment entered in accordance with said findings and conclusions.

Appellants do not contend that the evidence is insufficient to support the findings and judgment, but the principal, and in fact the only, contention of appellants is that the court erred in not making a specific finding as to whether or not the price of the logs had been reduced from $24 to $21 per thousand feet. Appellants proposed such a finding but the court simply found that respondents sold and delivered to appellants logs in the "agreed and reasonable sum of $7,-258.05," and that so much had been paid on account.

It is, of course, the law that a trial court commits error when it does not find upon all material issues, but it is also

the law that findings should be on ultimate facts, and it is unnecessary to state the probative or evidentiary facts, for a finding of ultimate facts includes a finding of all of the probative necessary to sustain it. ■ Since ultimate facts are required to be pleaded, it is only necessary in order to determine the sufficiency of a finding of fact to ascertain what statement of that fact is required in a pleading. (24 Cal.Jur., § 203, p. 968.) See, also, *Nicolds* v. *Storch,* 67 Cal.App.2d 8 [153 P.2d 561] ; *Hitchcock* v. *Lovelace,* 47 Cal.App.2d 818, 830 [119 P.2d 151] ; *Pellegrino* v. *Los Angeles Transit Lines,* 79 Cal.App.2d 40, 42 [179 P.2d 39].

■ The findings in the instant case were as broad as the pleadings, and when the trial court found that respondents sold and delivered to appellants logs in the agreed and reasonable sum of $7,258.05, and that $5,949.24 had been paid on account, this necessarily included a finding that the price had not been reduced from $24 to $21. In *Pacific States S. & L. Co.* v. *Perez,* 51 Cal.App.2d 84 [124 P.2d 184], the court said at page 94: ''In response to the claim that there is no finding on the issues of fraud and confiscation, it is sufficient to call attention to the finding of the lower court that the claims of defendants to the property are without right and that they have no interest in the property. Where an omitted finding must be inferred from a consideration of the findings actually made, an appellate court will recognize the necessary inference and consider the finding in question as having in effect been made. (*Reiniger* v. *Hassell,* 216 Cal. 209, 211 [13 P.2d 737] ; *Publishers D. Serv.* v. *Southern Cal. S. B. Depos.,* 14 Cal.App.2d 448 [58 P.2d 401].)''

Furthermore, in their answer appellants did not plead any modification or change in the original agreement, nor do the pleadings specifically mention any agreement or modification except that the complaint alleges and the answer denies that the sum due for logs was the agreed sum.

Appellants do not contend that the findings as signed by the court fail to cover all of the issues made by the pleadings, but appellants argue that the opinion of the trial court filed eleven days before the findings of fact and conclusions of law were signed may be resorted to to show that the issue of fact as to whether the price had been reduced from $24 to $21 was left undetermined. Appellants state that ''in his order for findings the trial judge stated that in his opinion it made no difference whether defendant H. L. Stoll spoke to plaintiff Lorenzo Gschwend the words to which he had testified which

were that he 'would have to buy the logs for $21.00 or quit milling.' "

There are two answers to this argument. First: The opinion of the trial judge, read as a whole, shows clearly that the trial court believed that there had been no modification in the agreement or change in the price, for the court stated: "There is ample evidence in the record that the market value of logs during all the period involved was $24.00 per thousand feet; and as above indicated there is no satisfactory evidence in the record that the original agreement to pay $24.00 per thousand was ever modified or changed." Secondly: As stated in 24 California Jurisprudence, section 174, page 924, the well-settled general rule is: "Opinions of trial judges, although welcomed by appellate courts as aids to the justices in discovering the processes by which judgments may have been reached, are not binding. Such an opinion is no part of the decision, and may be modified, or nullified by the findings of fact and conclusions of law. The opinion is merged in and controlled by the judgment; . . . and may not be used to impeach the findings."

We are satisfied that the findings covered all of the material issues and ultimate facts, and further that if a specific finding had been made on the evidentiary matter, as requested by appellants, such finding would have been adverse to appellants.

The judgment is affirmed.

Peek, Acting P. J., and Van Dyke, J., concurred.

A petition for a rehearing was denied July 9, 1951, and appellants' petition for a hearing by the Supreme Court was denied August 16, 1951.