[Civ. No. 15967. First Dist., Div. Two. Sept. 27, 1954.]

KATHARINA FISCHER, Respondent, v. ELLEN ALLISON OSTBY, Appellant.

Anderson & McMillan and Richard O. Graw and Sidney Feinberg for Appellant.

Sol Silverman for Respondent.

DOOLING, J.—Appellant appeals from a judgment quieting title against her. The court found as to the property involved that without any consideration passing from appellant she acquired by deed an interest in the property as a cotenant of the plaintiff and respondent; that respondent permitted this at appellant's solicitation and as an accommodation to her and on her promise to convey her undivided interest to respondent on demand; that respondent permitted appellant's name to appear in the deed "out of affection as her sister, by her implicit faith in her" and without independent advice and that appellant had refused to make such a conveyance in violation of her oral promise.

It is not disputed that these findings are sufficient to establish a trust in favor of respondent. ▮ The complaint was a simple one to quiet title and appellant attempts

to argue on appeal that such a complaint is not sufficient to raise an issue of equitable title. (*Chase* v. *Cameron*, 133 Cal. 231 [65 P. 460].) The rule may be conceded but the argument is not open to appellant because an examination of the record shows that the issue of trust relationship was litigated without objection in the trial court. ■ Where the parties voluntarily litigate an issue before the trial court they are estopped from raising the objection on appeal that the issue was not tendered by the pleadings. (*McAllister* v. *Union Indemnity Co.*, 2 Cal.2d 457, 460 [42 P.2d 305]; *Lande* v. *Southern Cal. Freight Lines*, 85 Cal.App.2d 416, 419 [193 P.2d 144]; *Rollins* v. *Hedin*, 114 Cal.App.2d 488, 490 [250 P.2d 728].)

Appellant attacks certain portions of the above summarized findings as not being supported by the evidence. 1. The finding of a confidential relation. The parties are sisters and respondent testified to their close relationship over many years, they having for a considerable time lived in the same home together, respondent frequently entrusting to appellant the conduct of her business affairs and accepting and relying on her advice, and specifically as to her own feeling of trust and confidence in her sister. ■ Where a state of mind is in issue a party may testify directly to that fact. (*Cope* v. *Davison*, 30 Cal.2d 193, 200 [180 P.2d 873, 171 A.L.R. 667].) The objection of appellant that this testimony was self-serving is not valid.

■ 2. The finding that appellant did not intend to and did not acquire any interest in the property by any contribution or consideration therefor except as trustee for respondent. This requires a somewhat extensive summary of respondent's testimony. In 1943 appellant and her husband were living in a rented house and were faced with eviction. Appellant, who was unable to buy a home for lack of funds, asked respondent to buy a house on Ellsworth Street in San Mateo (hereinafter called the Ellsworth property). Respondent arranged to buy the Ellsworth property. The tenant in possession did not want to move and appellant asked respondent to include her name in the deed so that under existing O.P.A. regulations she could get possession as an owner who desired to live in the premises. This respondent agreed to. The purchase price was $5,250 of which respondent paid $1,250 as a down payment with an agreement to pay $45 per month on the unpaid balance. The deed was made to respondent, respondent's brother and appellant and her husband as cotenants. The

brother was included at the real estate agent's suggestion because of his financial responsibility and claimed no interest in the property. Appellant and her husband moved into the Ellsworth property and at appellant's suggestion paid respondent $45 per month as rent.

Respondent was living in a rented house on San Mateo Drive in San Mateo (hereinafter called the San Mateo Drive property). Respondent in 1945 decided to sell the Ellsworth property and purchase the San Mateo Drive property. There was a second residence on the latter property which was occupied by a tenant. It was contemplated that appellant and her husband should occupy this second residence and again appellant suggested to respondent that in order to acquire the rights of occupancy accorded to an owner under O.P.A. regulations the deed should run to appellant as a cotenant. Accordingly this was done, the proceeds from the sale of the Ellsworth property being used to make the down payment on the San Mateo Drive property and certain repairs thereon. Appellant and her husband moved into the second residence on this property and at appellant's suggestion paid respondent $25 per month as rent therefor. Respondent further testified that appellant promised to convey this property to her whenever she needed it. All costs of insurance and repairs and all taxes on both properties were paid by respondent.

This evidence supports the attacked finding. It was contradicted by appellant who testified that it was the understanding of the parties that they should acquire both properties as cotenants and that her payments were not made as rent but as her contributions to the purchase price. The trial court chose to believe respondent's version and that is an end to the matter on appeal. (*Stromerson* v. *Averill,* 22 Cal. 2d 808, 815 [141 P.2d 732].)

Appellant complains that the trial court should have made findings on appellant's interest in the Ellsworth property. The title to the Ellsworth property was not directly involved in the litigation and implicit in the court's finding of the ultimate fact that appellant furnished no consideration for the purchase of the San Mateo Drive property is the finding that she had no interest in the Ellsworth property. The finding of ultimate facts includes the finding of all probative facts necessary to sustain them. (24 Cal.Jur., Trial, § 207, pp. 974-975; *Estate of Janes,* 18 Cal.2d 512, 514 [116 P.2d 438]; *Haigler* v. *Donnelly,* 18 Cal.2d 674, 677-678 [117 P.2d 331]; *Richter* v. *Walker,* 36 Cal.2d 634, 640 [226 P.2d 593];

*Gschwend* v. *Stoll,* 104 Cal.App.2d 806, 808 [232 P.2d 494].) For the same reason it was not necessary for the court to make an express finding on the conflicting testimony as to whether appellant made the $25 per month payments while occupying the San Mateo Drive residence as tenant or co-owner.

Finally appellant argues that since the arrangement between the parties was made to circumvent and violate O.P.A. regulations the court should have denied relief to the respondent because the transaction was tainted with illegality. This claim rests on two grounds: 1. that the inclusion of appellant as a grantee in the deeds to the two properties was to give her the colorable status of an owner, thus entitling her to occupancy against the existing tenants; 2. that the rentals paid were in excess of the O.P.A. ceilings. Respondent not only testified that both actions were at appellant's suggestion but that she (respondent) knew nothing of the O.P.A. regulations. She cannot therefore be said to have been *in pari delicto* with respondent. ▇▇ A court will protect the rights of a party not *in pari delicto* with his adversary (6 Cal.Jur., Contracts, § 109, pp. 157-158) and this is especially true where the parties occupy a position of confidence and the one against whom relief is sought induced the action of the other (*Young* v. *Young Holdings Corp., Ltd.,* 27 Cal.App.2d 129, 151-152 [80 P.2d 723]; *Anderson* v. *Nelson,* 83 Cal.App. 1, 6 [256 P. 294]).

▇▇ The suggestion that the court should at the very least have allowed appellant a recovery of the amount of rent paid by her to respondent in excess of the O.P.A. ceiling is answered by the fact that no such relief was asked either by pleading or otherwise. Indeed the claim of illegality was not pleaded in any way and the facts upon which it is now urged in this court were developed in the trial only incidentally to the testimony of the conversations and transactions between the parties. It is too late to claim such affirmative relief for the first time on appeal. We therefore need not determine whether if the claim had been properly raised in the trial court appellant would have been entitled to such relief.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied October 27, 1954, and appellant's petition for a hearing by the Supreme Court was denied November 24, 1954.